## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| MATTHEW PRIM, individually and on behalf of all others similarly situated, | § § Docket No. _____ |
| Plaintiff, | § § |
| vs. | § JURY TRIAL DEMANDED § |
| ENSIGN UNITED STATES DRILLING, INC. | § COLLECTIVE ACTION § PURSUANT TO 29 U.S.C. § 216(b) § |
| Defendant. | § |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.  Plaintiff Matthew Prim ("Prim" or "Plaintiff") files this Original Collective Action Complaint against Defendant Ensign United States Drilling, Inc. ("Ensign" or "Defendant") to recover the unpaid overtime wages owed to Defendant's workers under the Fair Labor Standards Act ("FLSA"). As shown below, Ensign failed to compensate Prim and all other similarly situated hourly employees using an overtime rate derived from a formula based on all remuneration received. Instead, of using all remuneration received to calculate Plaintiff's regular and overtime rate of pay, Ensign improperly excluded certain non-discretionary bonuses from the calculations, thereby depriving Plaintiff and all those similarly situated of overtime pay at an appropriate rate of pay.

### JURISDICTION & VENUE

2.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.  Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and because Ensign maintains corporate offices in this District.

**PARTIES**

4. Prim was employed by Defendant during the relevant statutory time period as an hourly employee. He regularly worked in excess of 40 hours a week without receiving overtime pay calculated at a rate based on all remuneration received. His written consent is attached as <u>Exhibit A</u>.

5. Prim brings this action on behalf of himself and all other similarly situated hourly employees under §16(b) of the FLSA 29 U.S.C. §216(b) (the "FLSA Class"). The FLSA Class was subjected to the same FLSA violations as Prim and is properly defined as:

> **ALL CURRENT AND FORMER HOURLY EMPLOYEES OF ENSIGN UNITED STATES DRILLING, INC., DURING THE PAST THREE (3) YEARS THAT RECEIVED HOURLY PAY AND A NON-DISCRETIONARY BONUS. ("Putative Class Members")**

The members of the FLSA Class are easily ascertainable from Defendant's business records, particularly personnel records.

6. Ensign is a Colorado corporation doing business in Colorado and throughout the United States. It may be served through its registered agent: **Stephen Hunt, at 1700 Broadway, Suite 777, Denver, CO 80290 <u>or</u> at P.O. Box 17805, Denver, CO 80217.**

**FACTUAL ALLEGATIONS**

7. Prim and all those similarly situated to him worked for Defendant in the oilfield as hourly employees. Prim and all those similarly situated to him regularly worked in excess of 40 hours a week.

8. Prim and all those similarly situated to him were eligible to receive and did in fact receive non-discretionary bonuses. These non-discretionary bonuses consisted of, but were not limited to, Safety Bonuses and/or Performance Bonuses.

9. Under the FLSA, Ensign was required to include these non-discretionary bonuses in calculating the Putative Class Members regular rate of pay for overtime purposes. 29 U.S.C. §

207(e); 29 C.F.R. §778.209. However, Ensign improperly excluded these non-discretionary bonuses from the regular rate of pay, and as a result Plaintiff and the Putative Class Members were not paid overtime at the proper overtime rate required by federal law.

### COLLECTIVE ACTION ALLEGATIONS

10. Prim brings this claim under the FLSA as a collective action.

11. The members of the FLSA Class are similarly situated in all relevant respects. While their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime. They are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. Because Ensign excluded non-discretionary bonuses from the regular rate of pay for all hourly employees who worked in the oilfield, Prim and all of the Putative Class Members are similarly situated within the meaning of 29 U.S.C. § 216(b).

12. Defendant employed a substantial number of hourly employees like Prim in the United States during the past three years. These workers are geographically disbursed, residing and working in states across the county. Because these workers do not have fixed work locations, these individuals may work in different states across the country in the course of a given year.

13. Absent a collective action, many members of the Putative Class likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

14. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

### CAUSE OF ACTION
### Violation of the FLSA

15. Prim incorporates the preceding paragraphs by reference.

16. At all relevant times, Defendant has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

17. Defendant employed Prim and each member of the Putative Class.

18. Defendant's pay policy denied Prim and the Putative Class Members overtime compensation at a rate based on all remuneration received as required by the FLSA.

19. Defendant's failure to pay Prim and the Putative Class Members overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

20. The foregoing conduct constitutes a willful violation of the FLSA. Due to Defendant's FLSA violations, Prim and the Putative Class Members are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

## JURY DEMAND

21. Prim demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays for:

   a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed Putative Class Members to permit them to join this action by filing a written notice of consent;

   b. A judgment against Defendant awarding Plaintiff and the Putative Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

   c. An order awarding attorney fees, costs, and expenses;

   d. Pre- and post-judgment interest at the highest applicable rates; and

  e. Such other and further relief as may be necessary and appropriate.

          Respectfully submitted,

         By:*/s/ Michael A. Josephson*
          Michael A. Josephson
          State Bar No. 24014780
          mjosephson@fibichlaw.com
          Lindsay R. Itkin
          State Bar No. 24068647
          litkin@fibichlaw.com
          Andrew W. Dunlap
          State Bar No. 24078444
          adunlap@fibichlaw.com
          Jessica M. Bresler
          State Bar No. 24090008
          jbresler@fibichlaw.com
          **FIBICH, LEEBRON, COPELAND**
          **BRIGGS & JOSEPHSON**
          1150 Bissonnet
          Houston, Texas 77005
          713-751-0025 – Telephone
          713-751-0030 – Facsimile

          **AND**

          Richard J. (Rex) Burch
          Texas Bar No. 24001807
          **BRUCKNER BURCH, P.L.L.C.**
          8 Greenway Plaza, Suite 1500
          Houston, Texas 77046
          713-877-8788 – Telephone
          713-877-8065 – Facsimile
          rburch@brucknerburch.com

         **ATTORNEYS IN CHARGE FOR PLAINTIFF**