IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-02156-PAB-KMT

MATTHEW PRIM, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ENSIGN UNITED STATES DRILLING, INC.,

    Defendant.

## ORDER

The matter before the Court is plaintiff's Unopposed Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Lawsuit with Prejudice [Docket No. 33]. In a suit by employees against their employer to recover back wages under the Fair Labor Standards Act ("FLSA"), the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

The FLSA provides that an employee or employees may bring an action "[on] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts determine whether plaintiffs are "similarly situated" for purposes of FLSA collective action certification in two stages. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). A court's initial certification comes at the notice stage, where courts use a fairly lenient standard to determine whether plaintiffs are similarly situated for purposes of sending notice to putative class members. *Id.* at 1102.

After discovery, a court makes a final class certification using a stricter standard. *Id.* at 1102-03. In order to approve a settlement prior to a final collective action ruling, "the Court must make some final class certification finding." *Whittington v. Taco Bell of Am., Inc.*, No. 10-cv-01884-KMT-MEH, 2013 WL 6022972, at *2 (D. Colo. Nov. 13, 2013) (*citing Peterson v. Mortgage Sources, Corp.*, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011)).

Plaintiff's motion makes no reference to class certification, fails to provide any facts demonstrating the similarities of the proposed class, and does not discuss any of the factors the Court should consider in certifying a class. *See Thiessen*, 267 F.3d at 1103 (enumerating the relevant factors for certification of an opt-in class). Instead, plaintiff states that the parties dispute whether the class members are similarly situated. Docket No. 33 at 8. Without more information the Court is unable to determine whether class certification for settlement purposes is appropriate as required under the FLSA.

Accordingly, it is

**ORDERED** that, on or before May 1, 2017, plaintiff shall file supplemental briefing in support of his Unopposed Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Lawsuit with Prejudice [Docket No. 33] in accordance with this order.

DATED April 14, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge