# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civ. A. No. 15-cv-02156-PAB-KMT

MATTHEW PRIM, Individually and On Behalf of All Others Similarly Situated

      Plaintiff,

v.

ENSIGN UNITED STATES DRILLING, INC.,

      Defendant.

## SETTLEMENT AGREEMENT AND RELEASE

1.      This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiff Matthew Prim ("Plaintiff" or "Prim"), and Ensign United States Drilling, Inc. ("Defendant" or "Ensign") (collectively, the "Parties"), subject to the approval of the Court.

## RECITALS

2.      Prim, individually and on behalf of the Settlement Class (as defined below), asserts that Defendant (as defined below) failed to pay proper overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and related state laws related to the payment of overtime wages.

3.      As a result of the Parties' arms'-length negotiations, the Parties have agreed to settle this Action according to the terms of this Settlement Agreement.

4.      Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Action. In agreeing to this Settlement Agreement, Class Counsel has considered: (a) the facts developed during the Parties' settlement negotiations and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Prim has concluded that the terms of this Settlement are fair, reasonable, and adequate, and that it is in the best interests of Prim and the Settlement Class to settle their claims against Defendant pursuant to the terms set forth herein.

5.      Defendant denies the allegations in Prim's lawsuit and denies that it engaged in any wrongdoing or violation of law. Defendant is entering into this Agreement because it will eliminate the burden, risk and expense of further litigation. Except for purposes of this Settlement, neither

this Agreement nor any document referred to herein, nor the negotiations resulting in this Settlement Agreement, nor any action taken to carry out this Agreement, may be used in any way as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever, including any concession that certification of a class other than for purposes of this Settlement would be appropriate in this Action or any other case.

6. The Parties recognize that notice to the Settlement Class of certain limited material terms of this Settlement, as described herein, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants approval of it and the Settlement becomes effective.

7. The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) are met. Should this Settlement not become final, such stipulation to collective action certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

8. In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that Plaintiff and the Eligible Class Members' (as defined below) claims against Defendant shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Releasees (as defined below), in the manner and upon the terms and conditions set forth below.

## DEFINITIONS

9. The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a. "Action" means the lawsuit Prim filed against Ensign on September 30, 2015, in the United States District Court for the District of Colorado, Civ. A. No. 15-cv-02156-PAB-KMT.

b. "Approval Order" means the Court's Approval Order approving the terms and conditions of this Agreement.

c. "Class Counsel" means Fibich, Leebron, Copeland, Briggs & Josephson and Bruckner Burch, PLLC.

d. "Class Period" for Plaintiff Matthew Prim means September 30, 2012 through the date of approval and for all other Eligible Class Members (as defined herein) means January 18, 2014 through the date of approval.

e. "Court" means the United States District Court for the District of Colorado.

2

f.      "Ensign's Counsel" means Sherman & Howard L.L.C.

g.      "Defendant" means Ensign United States Drilling Inc.

h.      "Eligible Class Member" means all current Opt-in Class Members and Settlement Class Members who timely opt-in to the Settlement Class. Such individuals consist of hourly oilfield employees who worked for Defendant during the Class Period who received Operator Safety Bonuses and Mud Bonuses.

i.      "Effective Date" means the first business day following the Court's approval of the Settlement.

j.      "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they provided to Prim and the Settlement Class in the Action.

k.      "Gross Settlement Amount" means the maximum amount that Defendant shall pay in exchange for the release of all Released Claims (as defined below) by Plaintiff and the Eligible Class Members, which is the sum of USD $815,000.00, inclusive of the employees' and employers' share of FICA and FUTA payroll taxes on the amounts paid to Prim and the Eligible Class Members. In no event shall the Gross Settlement Amount exceed this sum.

l.      "Net Settlement Amount" means the Gross Settlement Amount less: (i) the payment of attorneys' fees to Class Counsel, not to exceed $285,250.00, which is approximately thirty-five percent of the Gross Settlement Amount; (ii) the payment of out-of-pocket costs incurred by Class Counsel not to exceed $3,500.00; (iii) the Settlement Administrator's (as defined below) costs related to administering this Settlement, which are estimated not to exceed $15,000.00 and (iv) a Service Award to Prim in an amount not to exceed $7,500.00.  The Parties acknowledge that all of these amounts are subject to the Court's approval.

m.      "Notice Deadline" means the date sixty (60) days after the Notice of Settlement and the Settlement Consent Form are initially mailed and/or emailed by the Settlement Administrator to the Settlement Class. Settlement Class Members shall have until the Notice Deadline to submit their Settlement Consent Form.

n.      "Notice of Settlement" means the notice to the Settlement Class substantially in the form as Exhibit A attached hereto or as approved by the Court.

o.      "Parties" means Matthew Prim and Ensign.

p.      "Plaintiff" or "Prim" means Matthew Prim.

q.      "Released Claims" means any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs,

3

restitution or other compensation and relief arising under the FLSA or any other state or local wage-related law applicable to the allegations asserted in the Action and which emanate from and are based upon the same facts alleged in the Action on behalf of Prim and the Settlement Class with respect to the time that they were employed by Defendant during the Class Period.  The Parties acknowledge that only Settlement Class Members who return a Settlement Consent Form and thereby become opt-in plaintiffs shall release their FLSA and state or local wage and hour law claims against Releasees.

r.      "Releasees" means Defendant, Ensign United States Drilling Inc., and its past, present and future parent companies, subsidiaries, predecessors, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers.

s.      "Settlement Administrator" means CPT Group, subject to the approval of the Court.

t.      "Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

u.      "Settlement Class" or "Settlement Class Member" means all individuals who are covered by this Settlement. Such individuals consist of hourly oilfield employees who worked for Defendant during the Class Period who received Operator Safety Bonuses and Mud Bonuses.

v.      "Settlement Consent Form" means the form attached hereto as Exhibit B, subject to the approval of the Court.

## RELEASES

10.     **Release**.  In consideration of the benefits to be received by Prim and the Eligible Class Members under this Settlement, upon the Effective Date:

a.      Plaintiff Matthew Prim shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Family and Medical Leave Act; The Equal Pay Act; or any allegation for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been

4

asserted in the Action, any claim for breach of contract, contract or tort laws, or any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees, based upon any conduct occurring up to and including the date of the Court's Approval Order, however claims for workers' compensation are excluded from the scope of this release; and

> b.      Eligible Class Members (as defined above) shall be deemed to have released and discharged the Releasees from the Released Claims.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

11.      The Parties agree to the following procedures for obtaining approval of the Settlement, certifying the Settlement Class for the purpose of settlement only, and notifying the Settlement Class of this Settlement:

> a.      **Request for Class Certification and Approval Order**.  No later than three (3) business days following the execution of this Agreement, Prim shall file a Motion for Approval of Settlement Agreement, requesting that the Court approve the Settlement, certify the Settlement Class pursuant to 29 U.S.C. § 216(b) for settlement purposes only, and approve the Notice and Claims forms attached hereto as Exhibits A and B. Prim agrees to file this Settlement Agreement as a restricted document and to file an accompanying motion to restrict, requesting Level 1 limits, pursuant to D.C.Colo.LCivR 7.2.

> b.      **Notice**.  The Settlement Administrator shall be responsible for preparing, printing, and mailing the Notice of Settlement and Settlement Consent Form to all Settlement Class Members.

> c.      By no later than (10) business days following the Approval Order, Defendant shall provide the Settlement Administrator with the names, last known addresses, last known telephone numbers, last known email addresses (if applicable), last four digits of the social security number, total compensation, bonuses received, dates of employment, and number of workweeks that each Settlement Class Member worked for Defendant during the Class Period.

> d.      As soon as practicable after Defendant provides the information in Section 11(c) to the Settlement Administrator, the Settlement Administrator shall calculate each Settlement Class Member's pro rata share of the Net Settlement Amount and shall provide such calculations to the Parties. The Parties will have fourteen (14) calendar days after receipt of the calculations to review the Settlement Administrator's calculations and to propose any corrections and/or revisions.

> e.      In order to provide the best notice practicable, the Settlement Administrator, prior to mailing the Notice of Settlement and Settlement Consent Form, will run the list of Settlement Class Members through the U.S. Postal Service's National Change of Address database ("NCOA").

f.        Within fifteen (15) business days after receiving the Parties' approval of the Settlement Administrator's calculations of each Settlement Class Member's pro rata share of the Net Settlement Amount, the Settlement Administrator shall send copies of the Court-approved Notice of Settlement and Settlement Consent Form to all Settlement Class Members via U.S. first class mail, with an enclosed self-addressed postage prepaid return envelope. Furthermore, on the 30th day following the mailing of the first Court-approved Notice of Settlement, the Settlement Administrator shall send an identical reminder Notice to all Settlement Class Members via U.S. first class mail that have not already submitted a Settlement Consent Form.

g.        Any Notice of Settlement and Settlement Consent Form returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within five (5) business days following receipt of the returned mail.  If any Notice of Settlement and Settlement Consent Form is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts such as skip traces to search for the correct address within five (5) business days, and shall re-mail the Notice of Settlement and Settlement Consent Form to any newly found addresses within five (5) business days of finding the new address(es).  Defendant shall provide within two (2) business days the birthdate of such persons for which the Settlement Administrator undertakes a skip trace. Nothing in this Agreement shall limit Defendant's right and ability to communicate with its current employees, including those who are Settlement Class Members, regarding their wages or other terms and conditions of employment.  Defendant may communicate with its current employees who are Settlement Class Members for the purpose of encouraging them to participate in the Settlement, so long as such communications are consistent with this Settlement Agreement.

12.        **Interim Report by the Settlement Administrator**.  Within five (5) business days after the Notice Deadline, the Settlement Administrator shall confirm: (a) the total number of Settlement Class Members who were sent the Notice of Settlement and Settlement Consent Form; and (b) the total number and names of Settlement Class Members who timely returned the Settlement Consent Form.

13.        **Dismissal of the Action.**  Within five (5) business days of the Court entering the Approval Order, Class Counsel shall dismiss the Action with prejudice.

## SETTLEMENT FUNDS AND AWARD CALCULATION

14.        **Gross Settlement Amount**.

a.        **Deposit**.  No later than thirty (30) calendar days following the Approval Order, Ensign shall wire USD $815,000.00 to the Settlement Administrator.  This amount includes the approved attorneys' fees, costs, and service award to Prim. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1. The Settlement Administrator shall provide Ensign with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within five (5) business days after receipt of the funds. Ensign

6

shall execute and return this document to the Settlement Administrator which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.

       b.     **Disbursement by Settlement Administrator**.   All disbursements shall be made from the Qualified Settlement Fund.   The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

       c.     **Interest**.   The interest on the funds deposited by Ensign will inure *pro rata* to the Party or persons to whom the underlying funds are ultimately paid out.

    15.    **Payments**.   Subject to the Court's Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

       a.     **Service Award to Prim**.   Subject to the Court's approval, Prim shall receive up to $7,500.00 for his efforts in bringing and prosecuting the Action, and in consideration of this general release set forth above in Paragraph 10(a).  The Qualified Settlement Fund shall issue an IRS Form 1099 for this payment. Prim shall be solely and legally responsible for all taxes on the Service Award.  The Settlement Administrator shall distribute the Service Award to Prim no later than seven (7) calendar days following receipt of the Deposit described in Section 15(a) herein.

       b.     **Attorneys' Fees and Costs**.

       (i)     Subject to the Court's approval, Class Counsel shall receive attorneys' fees in an amount up to $285,250.00, of the Gross Settlement Amount, which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement, as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action.  In addition, Class Counsel shall receive reimbursement of their out-of-pocket costs approved by the Court in an amount not to exceed $3,500.00. The Settlement Administrator shall distribute the Attorneys' Fees and Costs to Class Counsel no later than seven (7) calendar days following receipt of the Deposit described in Section 15(a) herein.

       (ii)     The attorneys' fees and costs paid by Ensign pursuant to this Agreement shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in the Action on behalf of Prim and/or any Settlement Class Member, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Prim or any Settlement Class Member.

       (iii)     An IRS Form 1099 shall be provided to Class Counsel by the Settlement Administrator for the payments made to Class Counsel.  Each firm constituting Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to that firm.

c.      **Settlement Administration Costs**.   Settlement Administration costs are estimated not to exceed $15,000.00 and shall be paid from the Gross Settlement Amount.   The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

d.      **Settlement Awards to Eligible Class Members.**   Settlement Awards shall be made to Eligible Class Members as set forth below.

<u>CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS</u>

16.      **Settlement Award Eligibility**.   All Eligible Class Members shall be paid a Settlement Award from the Net Settlement Amount.   The Settlement Administrator will calculate a pro rata award for each Settlement Class Member based on the total compensation, bonuses received, and total number of weeks that the respective Settlement Class Member worked for Defendant during the Class Period. All Settlement Award determinations shall be based on Defendant's payroll and workweek information for Settlement Class Members which shall be produced to the Settlement Administrator. The Parties reserve the right to review the Settlement Administrator's calculations and to propose any corrections/revisions to the same, as described herein.

17.      Fifty percent (50%) of each Settlement Award to Eligible Class Members shall be treated as back wages, and accordingly, on each Settlement Award, the Settlement Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to 50% of each Settlement Award distributed. The employer's share of all required FICA and FUTA taxes on such amounts shall be paid from the Gross Settlement Fund. Withholding shall be at the 25% supplemental wage tax rate. Amounts withheld will be remitted by the Settlement Administrator from the Qualified Settlement Fund to the appropriate governmental authorities. The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes.  Each Eligible Class Member shall be solely and legally responsible to pay all taxes on the non-wage penalties and liquidated damages portion of the Settlement Award. Defendant shall cooperate with the Settlement Administrator to provide payroll tax information as necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award, and the IRS Form 1099 reporting for the non-wage portion of each Settlement Award.

18.      The Settlement Administrator shall provide counsel for the Parties with a final report of all proposed Settlement Awards, no more than fifteen (15) business days following the close of the Notice Deadline.

19.      The Settlement Administrator shall mail all Settlement Awards to Eligible Class Members within twenty (20) days after receiving the funds necessary to fund the balance of the settlement or as soon as reasonably practicable.  The Settlement Administrator shall then provide a

written certification of such payments to counsel for the Parties within five (5) business days of mailing all Settlement Awards to Eligible Class Members.

20.     All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. All funds from checks not cashed will revert to the Qualified Settlement Fund.  The Settlement Administrator will include with each mailed check a letter stating that the check must be cashed or deposited within 180 days or it will be cancelled and deemed void and of no further effect.

21.     **Remaining Monies**.  If at the conclusion of the 180-day check void period set forth above, there are any monies remaining in the Qualified Settlement Fund, those remaining monies shall be paid to Ensign.

22.     **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**.  No person shall have any claim against Defendant or the Releasees, Prim, the Settlement Class Members, Class Counsel, Ensign's Counsel or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## MISCELLANEOUS

23.     **Defendant's Legal Fees.**  Defendant's legal fees and expenses in the Action shall be borne by Defendant.

24.     **Nullification of the Settlement Agreement.**  In the event: (a) the Court does not approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, this Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Agreement.  If this occurs, the Parties shall proceed in all respects as if the Agreement had not been executed, and the Parties will equally pay the Settlement Administrator's costs incurred as of the date the Settlement becomes null and void.

25.     **Inadmissibility of Settlement Agreement.**  Except for purposes of settling the Action, neither this Agreement, nor its terms, nor the negotiations resulting in this Agreement, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

26.     **Computation of Time.**  For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

27.     **Interim Stay of Proceedings.**   The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

28.     **Amendment or Modification.**   This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

29.     **Entire Settlement Agreement.**   This Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements (including without limitation the Settlement Term Sheet), understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.   Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

30.     **Authorization to Enter Into Settlement Agreement.**   Counsel for all Parties are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.   The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement.

31.     **Binding on Successors and Assigns.**   This Agreement shall be binding upon, and inure to the benefit of Prim, Ensign, and the Eligible Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

32.     **Counterparts.**   This Agreement may be executed in one or more counterparts, including by facsimile or email.   All executed counterparts and each of them shall be deemed to be one and the same instrument.

33.     **Cooperation and Drafting.**   The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arms' length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

34.     **Jurisdiction of the Court.**   The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

35.     **Confidentiality of Material Provided to Class Counsel.**   All materials provided by Defendant to Class Counsel or the Settlement Administrator shall be kept confidential and used

only for purposes of administering the Settlement.  No later than thirty (30) days after the time period for cashing checks constituting Settlement Awards, Class Counsel shall either destroy or return to Defendant's counsel the original and all copies of any documents designated as "confidential" that Defendants produced or provided to Class Counsel during the Action.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:**

_Matthew David Prim (Jan 12, 2018)_
Matthew Prim

Date: Jan 12, 2018

**CLASS
COUNSEL:**

Date: **1/24**  , 2018

Michael A. Josephson
Texas State Bar No. 24014780
Lindsay R. Itkin
Texas State Bar No. 24068647
Josephson Dunlap
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

and

Richard J. (Rex) Burch
Texas State Bar No. 24001807
Bruckner Burch, PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**DEFENDANT:** Ensign United States Drilling  Date: 1-23-, 2017 8

By:

Title: U. P. North

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civ. A. No. 15-cv-02156-PAB-KMT

MATTHEW PRIM, Individually and On Behalf of All Others Similarly Situated

      Plaintiff,

v.

ENSIGN UNITED STATES DRILLING, INC.,

      Defendant.

<u>**IMPORTANT NOTICE OF SETTLEMENT**</u>

**To:**    **«First_Name» «Last_Name»**

**Re:**    **Your Right to Overtime Pay from Settlement with Ensign.**

## <u>WHY AM I GETTING THIS NOTICE?</u>

You are getting this Notice because a lawsuit against your current or former employer Ensign United States Drilling Inc. ("Ensign") settled.  The lawsuit claimed Ensign did not pay overtime as required by state and/or federal law. Specifically, the lawsuit claimed Ensign failed to include certain bonuses (namely, Operator Safety Bonuses and Mud Bonuses Bonuses) in its hourly oilfield employees' overtime rates as required.  You can receive money under the settlement if you fill out the attached Claim Form and Release and return it to Plaintiff's Counsel by **«Claim_Filing_Date»**.

## <u>HOW DO I GET THE MONEY OFFERED TO ME?</u>

You must fill out the attached Claim Form and Release to receive money under the settlement. The Claim Form **must be returned to CPT Group by U.S. Mail (postmark date), fax or E-Mail by «Claim_Filing_Date», if you want to receive money from the settlement.**  If you do *not* want to accept the settlement, simply do nothing.

## <u>YOUR SHARE OF THE SETTLEMENT.</u>

By submitting the Claim Form and Release, you will be entitled to a payment from the settlement following deductions for attorneys' fees and costs and other settlement-related costs. Your settlement payment was based on your employment history with Ensign, including the number

of weeks you worked in the relevant period, your rate of pay, and the bonuses you received.  Your settlement payment is estimated to be: $«AMOUNT».

## WHAT HAPPENS IF I SUBMIT MY CLAIM FORM?

If you return the Claim Form by **«Claim_Filing_Date»**:

A.      You will be acknowledging that you are represented by Josephson Dunlap Law Firm ("Josephson Dunlap") and Bruckner Burch, PLLC and that you will be bound by the terms of the Professional Services Agreement signed by the Named Plaintiff in this case.  You will not have to pay Josephson Dunlap or Bruckner Burch, PLLC any money directly.  Ensign is paying attorneys' fees and costs as part of the settlement.

B.      You will be waiving and releasing any and all claims for unpaid wages or overtime against Ensign during the period beginning three years back from the date you opt-in via the enclosed Claim Form and Release and ending on the date you opt-in.

C.      You will receive your settlement payment.

## WHEN WILL I RECEIVE MY MONEY?

You should receive your check within 60 days after Claim Filing Date.

## WHAT DOES THE COURT THINK?

While the Court approved this settlement, the Court did not determine Ensign (or anyone else) did anything wrong.  The Court did not determine you are owed any money.  Instead, this is a settlement payment.

## WHAT DOES ENSIGN THINK?

Ensign believes the lawsuit is without merit and that you were paid correctly and fairly for your work. Ensign also does not believe a collective action is appropriate.  Ensign nonetheless believes this settlement is a reasonable solution to this dispute to avoid the time and expense of litigation.

## WHAT IF I HAVE OTHER QUESTIONS?

This Notice is only a summary.  If you have additional questions, please call Josephson Dunlap at **713-352-1100 or the Settlement Administrator at 800-542-0900.**  If you would like, you can obtain certain documents related to the case.  However, the deadline for receiving your completed Claim Form and Release will not be extended under any circumstances.

**If your Claim Form and Release is not postmarked, faxed and/or emailed by «Claim_Filing_Date», you will not receive money from the settlement.**

**Please do not contact the Court regarding this settlement.  The Court must remain neutral in this matter and cannot offer you advice.**

**Where do I Send My Claim Form and Release?**

Please return the Claim Form and Release to:

Ensign Overtime Settlement
c/o
CPT Group
16630 Aston
Irvine, CA 92606
Or by E-Mail: backwages@mybackwages.com

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civ. A. No. 15-cv-02156-PAB-KMT

MATTHEW PRIM, Individually and On Behalf of All Others Similarly Situated

    Plaintiff,

v.

ENSIGN UNITED STATES DRILLING, INC.,

    Defendant.

**CLAIM FORM AND RELEASE**

I read the Notice regarding the overtime settlement with Defendant Ensign United States Drilling Inc. ("Ensign").  I had the opportunity to talk to Josephson Dunlap Law Firm ("Josephson Dunlap") and/or Bruckner Burch, PLLC, attorneys for Plaintiffs in the Lawsuit, about my rights and obligations under the settlement. I am making an informed, knowledgeable, and voluntary decision to sign this Claim Form and Release so I can obtain my settlement payment.

**I understand my signed Claim Form and Release must be postmarked, faxed, or emailed by «Claim_Filing_Date» or I will not receive any money under the settlement.**

In consideration for the payment of my settlement share, I am giving up potential or actual claims against various persons and entities.  I am also giving up the right to sue for potential or actual claims against various persons and entities. In particular, I waive and release Ensign (including its past and present parents, subsidiaries, affiliates, officers, directors, board members, shareholders, employees and agents) from any and all claims relating to the payment/non-payment of wages or overtime under federal, state, or other laws during the time period beginning three (3) years back from the date I sign this Claim Form and Release by opting-into this lawsuit and ending on the date I sign this Claim Form and Release.

I declare the foregoing representations and information are true and correct.  By submitting the Claim Form and Release, I am consenting to join this Lawsuit.

_____     _____
(Sign Your Name Here)                (Date)

_____
Printed Name

_____     _____
Cell Phone                           Email Address

_____     _____
Address                              City, State, Zip Code