IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-02156-PAB-KMT

MATTHEW PRIM, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ENSIGN UNITED STATES DRILLING, INC.,

    Defendant.

# ORDER

This matter comes before the Court on Plaintiff's First Amended Unopposed Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Lawsuit With Prejudice [Docket No. 42]. Plaintiff renews his request that the Court approve the parties' settlement of plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

On September 30, 2015, plaintiff filed his complaint, individually and on behalf of all others similarly situated, alleging that defendant violated the FLSA. Docket No. 1. Plaintiff was employed by defendant and worked in an oilfield as an hourly employee. *Id.* at 2, ¶ 7. Plaintiff and other employees received bonuses as a component of their compensation including "Safety Bonuses and/or Performance Bonuses." *Id.*, ¶ 8. Plaintiff alleges that defendant excluded these bonuses from calculations of plaintiff's and other employees' regular rate of pay, and therefore failed to pay plaintiff and the

putative class members overtime at the rate required by the FLSA. *Id.* at 2-3, ¶ 9.[1]

On February 15, 2017, plaintiff filed an unopposed motion for court approval of the parties' settlement agreement and dismissal of the lawsuit with prejudice. Docket No. 33. This Court denied the motion without prejudice on August 24, 2017, noting several deficiencies in plaintiff's motion and the proposed settlement agreement. Docket No. 39. Plaintiff filed an amended motion and revised proposed settlement agreement on January 26, 2018. Docket Nos. 42, 42-1.

## II. LEGAL STANDARD

The FLSA allows an employee or employees to bring a collective action "[on] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To determine whether plaintiffs are "similarly situated" for purposes of FLSA collective action certification, courts apply a two-stage approach. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). A court's initial certification comes at the notice stage, where courts use a fairly lenient standard to determine whether plaintiffs are similarly situated for purposes of sending notice to putative class members. *Id.* at 1102. After discovery, a court makes a final class certification using a stricter standard. *See Thiessen*, 267 F.3d at 1102-03. In order to approve a settlement prior to a final collective action ruling, "the Court must make some final class certification finding." *Whittington v. Taco Bell of Am., Inc.*, No. 10-cv-01884-KMT-MEH, 2013 WL 6022972, at *2 (D. Colo. Nov. 13, 2013) (*citing Peterson v. Mortgage Sources, Corp.*, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011)).

---

[1]On April 1, 2016, Justin John-Stanley Bowser opted into this lawsuit. Docket No. 19. On May 19, 2016, James Dean Pena opted into this lawsuit. Docket No. 20.

Collective actions differ from Fed. R. Civ. P. 23 class actions in several important respects. *See generally Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110, 1112-16 (D. Colo. 2017) (discussing differences between FLSA collective actions and class actions). Significantly, "an FLSA lawsuit does not become a collective action unless other plaintiffs affirmatively opt into the class" by filing a written notice of consent. *Shepheard v. Aramark Uniform & Career Apparel, LLC*, 2016 WL 5817074, at *1 (D. Kan. Oct. 5, 2016) (quoting *Cameron-Grant v. Maxim Healthcare Serv., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003)); *compare Oldershaw*, 255 F. Supp. 3d at 1115 (noting that "all potential plaintiffs who fall within the description of a Rule 23 class are presumed to be members of the 'plaintiff class' unless they 'opt-out'"). However, even after additional plaintiffs have opted in to an FLSA action, the "plaintiff class" does not constitute a distinct legal entity "whose interests . . . are represented by 'class counsel' and the named plaintiff(s)." *Id.* at 1115 (describing effect of Rule 23 class certification). Instead, "every plaintiff, original or 'opt-in', is free to pursue his or her individual claim." *Id.*

### III. ANALYSIS

Plaintiff requests that the Court certify this lawsuit as a collective action and approve the parties' proposed settlement on behalf of plaintiff Matthew Prim and a putative class of hourly oilfield employees of Ensign who received certain "Contested Bonuses." Docket No. 42 at 7; *see also* Docket No. 42-1 at 3, 5. However, plaintiff never moved for conditional certification of the collective action and does not now cite any authority allowing parties in FLSA collective actions to bypass the typical two-step

certification procedure. Indeed, many courts have rejected motions for final settlement approval where putative class members were not given notice and an opportunity to opt in to the lawsuit before the motion was filed. *See, e.g.*, *Shepheard*, 2016 WL 5817074, at *2-3 (denying motion for settlement approval filed before putative collective action members had received notice of the lawsuit and an opportunity to opt in and directing parties to file a motion seeking preliminary approval of their proposed settlement); *Copeland-Stewart v. New York Life Ins. Co.*, 2016 WL 231237, at *2, *4 (M.D. Fla. Jan. 19, 2016) (denying motion for collective action certification and final approval of proposed settlement where named plaintiff had "no authority yet to settle the future opt-in plaintiffs' claims"); *Cerrato v. Alliance Material Handling, Inc.*, 2014 WL 1779823, at *2 (D. Md. Apr. 30, 2014) (directing parties to "amend and re-file their motion requesting conditional certification of the collective class and facilitation of notice of the proposed settlement" where no members of the putative class had received notice or an opportunity to opt in to the lawsuit); *Perez v. Avatar Props., Inc.*, 2008 WL 4853642, at *4 (M.D. Fla. Nov. 6, 2008) (finding that the parties had "put the proverbial cart before the horse in settling all claims, before the representative plaintiff ha[d] any indication as to exactly what those claims [were] and how many others he [would] actually represent"). The rationale underlying these decisions is twofold: first, "[i]n the absence of any other plaintiffs opting-in, a named plaintiff's suit becomes moot when his individual claim is satisfied," *Cerrato*, 2014 WL 1779823, at *1 (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013)); second, a named plaintiff is not authorized to settle claims on behalf of putative class members who have not yet

4

opted in to the lawsuit, *see Perez*, 2008 WL 4853642, at *3. The Court finds the reasoning in these cases persuasive. As the court explained in *Perez*,

> [a]pproving a global settlement with just the involvement of one plaintiff and *then* giving notice and an opportunity to opt in to an already settled matter, undercuts [the] critical distinction [between Rule 23 class actions and FLSA collective actions] and the reasons justifying the distinction in the first place. Simply put: because Plaintiff has no independent right to represent others that have yet to appear, Plaintiff has no authority to settle their as yet unasserted claims.

2008 WL 4853642, at *3.[2]

Moreover, plaintiff's failure to provide putative class members with notice and an opportunity to opt in to the lawsuit before seeking final approval of the parties' proposed settlement undermines the Court's ability to evaluate the appropriateness of final certification, the fairness of the settlement agreement, and the reasonableness of the fee award agreed upon by the parties. *See, e.g.*, *Copeland-Stewart*, 2016 WL 231237, at *2-3 (finding that court could not determine the reasonableness of the proposed settlement and requested fee award where the number of plaintiffs who would opt in to the lawsuit was unclear). For example, without knowing the size of the settlement class, the Court cannot assess the reasonableness of the requested fee award. The parties' settlement agreement provides that any unclaimed portion of the common fund will revert back to defendant. Docket No. 42-1 at 10, ¶¶ 20-21. If the unclaimed portion

---

[2]In 2016, Justin John-Stanley Bowser and James Dean Pena filed notices of consent to participate in a collective action against Ensign and to be represented by the law firm of Fibich, Leebron, Copeland, Briggs & Josephson. *See* Docket Nos. 19, 20. The current status of these individuals in the lawsuit is unclear. They are not mentioned in the proposed settlement agreement or in the motion for final settlement approval. In addition, the law firm of Fibich, Leebron, Copeland, Briggs & Josephson no longer represents a party in this action.

is large, the total actual recovery of the plaintiff class will be significantly lower than the projected net settlement amount, potentially rendering a $285,250.00 fee award unreasonable. *See Copeland-Stewart*, 2016 WL 231237, at *3 (finding request for attorney's fees premature where the size of the collective class was unknown and the settlement agreement allowed a portion of the settlement amount to revert back to defendant if not every putative class member joined the settlement); *McCaffrey v. Mortg. Sources, Corp.*, 2011 WL 32436, at *5 (D. Kan. Jan. 5, 2011) (finding that court could not "determine a reasonable attorney's fee based on a percentage of the common fund until after the time for reversion ha[d] expired"); *Peterson v. Mortg. Sources, Corp.*, 2011 WL 3793963, at *13 (D. Kan. Aug. 25, 2011) (providing that plaintiff could re-file motion for attorney's fees "[a]fter all class members . . . had an opportunity to opt in the settlement" and the "amount of money actually distributed to class members" was known). Allowing putative class members an opportunity to opt in to the lawsuit before final collective action certification will also facilitate the Court's second-stage certification analysis, which "utiliz[es] a stricter standard" involving more individualized consideration of plaintiffs' claims. *Thiessen*, 267 F.3d at 1102-03.

For the foregoing reasons, the Court will not approve the proposed settlement agreement at this time. If the parties wish to proceed with the settlement, plaintiff should file a motion seeking (1) conditional certification of the proposed settlement class, (2) preliminary approval of the proposed settlement, and (3) approval of notice to the putative class members. *See Shepheard*, 2016 WL 5817074, at *3 (outlining proper procedure for obtaining settlement approval). After the expiration of the opt-in

period, the parties may move for final collective action certification and final approval of the proposed settlement. *Id.*

Although the Court declines to approve the parties' proposed settlement, the Court observes three deficiencies in plaintiff's current motion that should be addressed in any future motion. First, plaintiff does not provide sufficient information regarding plaintiff Prim's participation in the lawsuit to allow the Court to assess the reasonableness of the $7,500 proposed enhancement award. Plaintiff asserts that the award "is intended to recognize [Mr. Prim's] initiative and efforts on behalf of the class and the time and effort he contributed this lawsuit and the settlement." Docket No. 42 at 16. However, courts have consistently declined to approve service awards based on such generalized assertions regarding a named plaintiff's participation in a lawsuit. *Barbosa v. Nat'l Beef Packing Co., LLC*, 2014 WL 5099423, at *9 (D. Kan. Oct. 10, 2014) (although parties provided list of duties associated with class representative role, court could not evaluate fairness of proposed incentive fee without "number of hours each plaintiff devoted to their class representative duties"); *Bruner v. Sprint/United Mgmt. Co.*, 2009 WL 2058762, at *11 (D. Kan. July 14, 2009) (reducing incentive award to $5,000 in absence of evidence that named plaintiffs invested more time in litigation than named plaintiffs in another case who received $5,000).[3]

The second deficiency pertains to the requested fee award. Although plaintiff

---

[3]Other factors the Court may consider in evaluating the reasonableness of an incentive award include "the risk to the plaintiff in commencing litigation," "the notoriety and/or personal difficulties encountered by the representative plaintiff," "the duration of the litigation," and "the plaintiff's personal benefit (or lack thereof) purely in her capacity as a member of the class." *Altnor v. Preferred Freezer Servs., Inc.*, 197 F. Supp. 3d 746, 770 (E.D. Pa. 2016) (internal quotations omitted).

states that counsel "spent substantial time" investigating plaintiff's allegations, researching the law, engaging in discovery, and negotiating a settlement, Docket No. 42 at 20, counsel has provided no information regarding the actual amount of time spent litigating the case or the reasonable hourly rates of the attorneys involved. *See Tommey v. Computer Scis. Corp.*, 2015 WL 1623025, at *3 (D. Kan. Apr. 13, 2015) (finding that court could not assess reasonableness of attorney's fee in common fund case where the parties had not provided "any information regarding time spent or a reasonable hourly rate for each attorney"); *McCaffrey*, 2011 WL 32436, at *5 (same); *see also Bruner*, 2009 WL 2058762, at *5 (denying request for attorneys' fees and costs in common fund case where the record did "not include any contemporaneous record of hours worked, . . . [did] not identify who worked on the case, . . . [did] not explain what customary rates or contingent fee rates for those individuals would be. . . . [, and did] not address what prevailing market rates for th[e] work would be"). Similarly, plaintiff has not detailed the various expenditures comprising the $3,500.00 in requested out-of-pocket costs. *See Ostrander v. Customer Engineering Servs., LLC*, No. 15-cv-01476-PAB-MEH, 2018 WL 1152265, at *4 (D. Colo. Mar. 5, 2018) (noting that counsel had failed to provide "an account of the various expenditures comprising the $17,000 in [requested] costs"); *Hobbs v. Tandem Envtl. Sols., Inc.*, 2012 WL 4747166, at *3 (D. Kan. Oct. 4, 2012) (assessing reasonableness of costs). Even when courts rely on a percentage-of-the-fund approach to assess the reasonableness of a fee award, they will often use the lodestar amount as a baseline. *See, e.g.*, *Shaw v. Interthinx, Inc.*, No. 13-cv-01229-REB-NYW, 2015 WL 1867861, at *8 (D. Colo. Apr. 22,

8

2015) (conducting lodestar cross check to confirm reasonableness of fee award); *In re Crocs, Inc. Sec. Litig.*, No. 07-cv-02351-PAB-KLM, 2014 WL 4670886, at *4 (D. Colo. Sept. 18, 2014) (same). To facilitate this analysis, any future motion should provide more detailed information regarding the number of hours spent on the litigation, the reasonable hourly rates of the attorneys, the prevailing market rates for similar work, and the nature of the expenditures comprising the $3,500.00 in requested costs.

Finally, the parties' proposed notice omits critical information regarding the nature of the claims, the rights of individuals who choose not to opt in to the lawsuit, and the terms of the settlement agreement. Most notably, the notice fails to inform putative class members that the lawsuit is being brought under the FLSA. *See Oldershaw*, 255 F. Supp. 3d at 1116 (noting that *Hoffman-La Roche* notice will describe "the FLSA claim and remedies"). Relatedly, it does not explain the nature of an FLSA "collective action" or inform putative class members that they have the right to pursue an independent action against defendant should they decline to opt in to the lawsuit. *Id.* (stating that notice will "describe[] the nature of the FLSA 'collective action'" and "explain that if the employee does not 'opt-in' to the action, the employee will not benefit from any recovery obtained therein, but the employee can pursue an independent action or otherwise assert a claim"). As to the settlement agreement, the proposed notice does not state the amount of the gross settlement award, the amount of the requested attorney's fees and costs, the amount of the settlement administrator's costs, or the amount of the service award to be paid to plaintiff Prim. *See Copeland-Stewart*, 2016 WL 231237, at *3 ("A notice to the putative class members must explicitly state (1)

9

the amount of the proposed attorney's fee award and (2) the amount and recipient of each proposed service award."). Further, although the notice states that the individual settlement payments will be based on each employee's "employment history with Ensign, including the number of weeks . . . worked, [the employee's] rate of pay, and the bonuses . . . received," Docket No. 42-1 at 15-16, there is no indication that the awards will be calculated on a pro rata basis. Any future notice to putative class members should address these issues.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's First Amended Unopposed Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Lawsuit With Prejudice [Docket No. 42] is **DENIED** without prejudice.

DATED August 3, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge